IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TERESA FORBES,<br><br>　　　　　　Defendant. | 8:21CR181<br><br><br>MEMORANDUM<br>AND ORDER |

　　　　Defendant Teresa Forbes ("Forbes") pleaded guilty pursuant to a written plea agreement (Filing No. 138) to conspiring to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed to a seventy-month sentence, which became binding once accepted by the Court. *See United States v. Castillo*, 117 F.4th 1021, 1024 (8th Cir. 2024). On March 3, 2023, the Court sentenced Forbes to seventy-months imprisonment to be followed by three years of supervised release.

　　　　Forbes is now serving that sentence at the Federal Correctional Institution in Greenville, Illinois ("FCI Greenville"). She is scheduled to be released in 2027.

　　　　Now before the Court is Forbes's Motion for Compassionate Release[1] (Filing No. 181). Forbes reports she is suffering from significant health conditions that have allegedly been "aggravated and amplified" by the conditions and care offered at FCI Greenville. On August 5, 2024, the Court determined Forbes's motion met the statutory requirements for judicial review. *See* 18 U.S.C. § 3582(c)(1)(A) (stating a defendant may move for compassionate release only after they have "fully exhausted all administrative

---

[1] Courts commonly refer to motions for sentence reductions under 18 U.S.C. § 3582(c)(1)(A) as motions for compassionate release. *See, e.g.*, *United States v. Sims*, 87 F.4th 917, 919 (8th Cir. 2023).

rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility"). Finding Forbes raised "potentially colorable grounds for relief," the Court ordered the United States Probation and Pretrial Services Office ("probation") to conduct an investigation. The parties were ordered to file supplemental briefing responding to probation's investigatory report after its submission.

Probation filed its report as well as Forbes's BOP medical records on September 23, 2024. The government responded soon after (Filing No. 197), opposing Forbes's motion for compassionate release. Forbes's counsel chose not to file any supplemental briefing. Her motion is therefore ripe for determination.

The Court's power to "modify a term of imprisonment once it has been imposed" is sharply limited. 28 U.S.C. § 3582(c). The compassionate-release provisions set forth narrow circumstances in which the Court is able to grant sentencing relief. Under section 3582(c)(1)(A)(i), the Court may only modify a defendant's sentence upon a showing that "extraordinary and compelling reasons warrant [] a reduction." *See United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (stating the defendant "bears the burden to establish that compassionate release is warranted").

As relevant here, the United States Sentencing Commission (the "Sentencing Commission") has defined extraordinary and compelling reasons for compassionate release to include certain medical circumstances of the defendant. *See* 28 U.S.C. § 994(t) (ordering the Sentencing Commission to promulgate policy statements to "describe what should be considered extraordinary and compelling reasons for sentence reduction"); U.S.S.G. § 1B1.13(b)(1). That includes when the defendant is suffering from a medical condition that (1) is terminal (2) "substantially diminishes [their] ability . . . to provide self-care within the environment of a correctional facility and from which [they are] not expected to recover," or (3) "requires long-term or specialized medical care that is not

being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1).

Even where the defendant demonstrates one of those conditions is present, the Court has "'broad discretion' in weighing the § 3553(a) factors" and deciding whether sentencing relief is appropriate. *United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021) (quoting *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020)). Pursuant to § 3553(a), the Court considers "the nature and circumstances of the offense" and the defendant's "history and characteristics" of the defendant. Also significant is the need for the sentence, as reduced, to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment," "afford adequate deterrence," and "protect the public from future crimes of the defendant." *Id.*

Forbes avers her release is warranted by her congestive heart failure, vision loss, and need for a knee replacement the BOP will not provide. Though the government acknowledges Forbes's circumstances and the BOP's limitations in treating those conditions, it urges the Court to deny her motion for compassionate release. The government seemingly argues Forbes is not entitled to release based on the BOP's potential ability to accommodate—even if not fully treat—her conditions and "how [she] lived prior to entering the BOP," opining that she likely had "the same medical conditions" before her incarceration.

The government's arguments leave something to be desired. For one, the government's briefing engages in widespread speculation about Forbes's circumstances, later admitting it "is unclear how much help the [BOP] can offer." Its apparent assertion that she may not be deserving of sentencing relief because the BOP's care is likely "much better than what she experienced prior to being sentenced" is also dubious.

3

In the Court's view, neither party has completely supported their position. But after carefully considering the parties' briefing, probation's investigation, and Forbes's evidence, the Court concludes that compassionate release is not appropriate at this time.

Even assuming Forbes's medical circumstances qualify as extraordinary and compelling reasons for relief, the present balance of the relevant § 3553(a) factors weigh against release. Forbes has only served nineteen months of her seventy-month term of imprisonment. That agreed-upon sentence was accepted by the Court as reflective of the seriousness of her involvement in a significant methamphetamine conspiracy, among other things. Granting her compassionate release at this time would be contrary to the important considerations made in imposing an appropriate sentence, including that the sentence "serve the four overarching aims of sentencing": "just punishment, deterrence, protection of the public, and rehabilitation." *Dean v. United States*, 581 U.S. 62, 67 (2017); *see also* 18 U.S.C. § 3553(a). For that reason, Forbes's Motion for Compassionate Release (Filing No. 181) is denied without prejudice.

IT IS SO ORDERED.

Dated this 18th day of November 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge